**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000791
21-NOV-2012
10:22 AM**

NO. CAAP-11-0000791

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RODNEY I. FUKUMOTO, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 11-1-0003(4))


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Reifurth and Ginoza, JJ.)


Petitioner-Appellant Rodney I. Fukumoto (Fukumoto) appeals from the "Findings of Facts, Conclusions of Law, Order Dismissing Petition for Post-Conviction Relief (Rule 40 HRPP) To Vacate, Set Aside or Correct Judgment Or To Release Petitioner from Custody and Order" entered October 6, 2011 in the Circuit Court of the Second Circuit[1] (circuit court).

Fukumoto is an inmate serving a sentence of life imprisonment with the possibility of parole for attempted murder in the second degree in violation of Hawaii Revised Statutes (HRS) 705-500 (1993) and 707-701.5 (1993).  Fukumoto previously served a term of five years imprisonment for a charge of unauthorized control of a propelled vehicle (UCPV), a class C

---

[1]  The Honorable Richard T. Bissen, Jr. presided.

felony in violation of HRS § 708-836 (1993). The maximum term of the sentence imposed in his UCPV case has expired.

Fukumoto contends the circuit court erred when it denied him relief on his claims the Hawaii Paroling Authority (HPA) improperly set minimum terms of imprisonment for attempted murder and UCPV. The minimum terms set by the HPA in both cases have expired. Fukumoto served his maximum term of imprisonment in the UCPV case, was released on parole in his attempted murder case, violated that parole, and had his parole revoked.

Fukumoto is now serving the remainder of his maximum term of life imprisonment in the attempted murder case. This term is not based on the minimum term set by the HPA, but is based on the HPA's setting of his recommitment term after his revocation pursuant to HRS § 706-670(8).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Fukumoto's appeal is without merit.

Because the minimum terms set for both of Fukumoto's sentences had expired, the circuit court correctly held that the issues raised by Fukumoto were in fact moot.

The Hawai'i Supreme Court has ruled that

> [t]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.
>
> Courts will not consume time deciding abstract propositions of law or moot cases, and have no jurisdiction to do so.

Lathrop v. Sakatani, 111 Hawai'i 307, 312, 141 P.3d 480, 485 (2006) (quoting Wong v. Bd. of Regents. Univ. of Hawai'i, 62 Haw. 391, 394-395, 616 P.2d 201, 204 (1980)).

Additionally, the circuit court ruled that no hearing was required to address Fukumoto's claims of ineffective assistance of counsel. The circuit court found "the assistance

2

provided by [Fukumoto's] attorney, when 'viewed as a whole,' was 'within the range of competence demanded' of an attorney in this type of criminal case." See Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994) (citations omitted). The circuit court went on to point out that even if Fukumoto's allegations were taken as true, they would not entitle him to a post-conviction hearing. See State v. Allen, 7 Haw. App 89, 92, 744 P.2d, 789, 792 (1987). The court found Fukumoto failed to show "that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense," and noted Fukumoto's "request for a new minimum term hearing is moot. There is no benefit that could be gained by such a hearing, nor does any effective remedy exist."

Therefore,

IT IS HEREBY ORDERED that the "Findings of Facts, Conclusions of Law, Order Dismissing Petition for Post-Conviction Relief (Rule 40 HRPP) To Vacate, Set Aside or Correct Judgment Or To Release Petitioner from Custody and Order" entered October 6, 2011 in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, November 21, 2012.

On the briefs:

Rodney I. Fukumoto
Petitioner-Appellant pro se.

Richard W. Stacey
Diane K. Taira
Deputy Attorneys General
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3